UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA BATMAN, MICHAEL HENDERSON, and JOSHUA TEMORES,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID PEREZ and YUMA UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-CV-2298 JLS (MSB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 2) |

　　　　Presently before the Court is Defendants' Motion to Dismiss ("Mot.," ECF No. 2) for Plaintiffs': (1) failure to comply with the Arizona Notice of Claim Statute; (2) failure to comply with the California Government Tort Claims Statute; (3) failure to properly serve the Complaint on the District, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2); and (4) failure to timely serve the Complaint upon Defendants.  Also before the Court are Plaintiffs' Response in Opposition to ("Opp'n," ECF No. 22) and Defendants' Reply in Support of ("Reply," ECF No. 23) the Motion.  The Court vacated the hearing on the Motion and took it under submission pursuant to Civil Local Rule 7.1(d)(1).  ECF No.

1

13. Having considered Plaintiffs' Complaint ("Compl.," ECF No. 1-5), the Parties' arguments, and the law, the Court **GRANTS** Defendants' Motion to Dismiss.[1]

## BACKGROUND[2]

This action begins with an accident. On September 5, 2019, Plaintiff Susana Batman ("Batman") was traveling in her car southbound on Imperial Avenue in El Centro, California. Government Claim Form for Susana Batman ("Batman Claim," ECF No. 2-3) at 3. Plaintiffs Michael Henderson ("Henderson") and Joshua Temores ("Temores") were riding as passengers in Batman's car. *Id.* Defendant David Perez ("Perez"), operating a school bus as an employee of Defendant Yuma Union High School District (the "District"), rear-ended Batman's vehicle, resulting in a multi-car accident. *Id.* Temores suffered an injury to his back, along with abrasions. Government Claim Form for Joshua Temores ("Temores Claim," ECF No. 2-5) at 2. Henderson suffered neck and back injuries and complained of headaches. Government Claim Form for Michael Henderson ("Henderson Claim," ECF No. 2-4) at 2. Batman suffered more serious injuries to her neck, back, chest, and left arm and leg, requiring ongoing medical treatment. Batman Claim at 2; *see generally id.* at 5–73.

Although all Parties agree on (or at least, do not contest) the basic facts of the accident, the suit's procedural history is murky. Defendants claim that, on February 27, 2019, Plaintiffs filed the instant suit in the Superior Court of California, County of Imperial, asserting negligence against Defendants and seeking compensatory damages. Mot. at 2; Compl. at 4; *see, e.g.*, Batman Claim at 2. Defendants assert that Plaintiffs' process server delivered "documents purporting to be 'Government Claims'" to Gina Olivas, the administrative assistant to the Superintendent of the District, on March 3, 2020.

---

[1] Finding Plaintiffs' lack of compliance with the Arizona Notice of Claim Statute dispositive, the Court declines to address Defendants' other arguments for dismissal.

[2] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of the present Motion. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

Declaration of Gina Olivas ("Olivas Decl.," ECF No. 2-2) ¶ 3.  Finally, Defendants also assert that a process server delivered a summons and a copy of the complaint to Perez and Gina Thompson, the Superintendent of the District, on October 30, 2020.  Mot. at 2; Declaration of Gina Thompson ("Thompson Decl.," ECF No. 2-6) ¶ 3.

Plaintiffs, however, describe the procedural history differently.  Plaintiffs allege that they submitted documents to Defendants on February 27, 2019, that were not the instant suit, but rather a "Notice of Claim," required by both California and Arizona law as a prerequisite to a suit against a public entity.  *See* Cal. Gov't Code § 911.2; Ariz. Rev. Stat. Ann. § 12-821; Opp'n at 6.  In addition, Plaintiffs maintain that the documents served on Olivas on March 3, 2020, were the "perfect[ion]" of the previously filed Notice of Claim.  Declaration of Patrick G. Shea ("Shea Decl.," ECF No. 22-2) ¶ 4.  Finally, Plaintiffs aver that the documents served on October 30, 2020, were actually the summons and complaint in the instant suit.  *Id.* ¶ 6.

In any event, the suit was filed in the Superior Court of Imperial County on February 27, 2020.  Notice of Removal ("Not.," ECF No. 1) at 1.  The case was removed to this Court on November 25, 2020, and the Court has subject matter jurisdiction from diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(b).[3]  *Id.* at 1–2.  On December 2, 2020, Defendants filed the instant Motion.  *See generally* Mot.

## ANALYSIS

**I.    Choice of Law**

Plaintiffs and Defendants disagree on whether California's or Arizona's notice statute applies in this case, *see* Mot. at 2–4; Opp'n at 6–8, but the Court must first decide on whether federal procedural law or state substantive law applies.  If state substantive law controls, then the Court must decide whether California or Arizona law controls.

///

---

[3] Defendants aver that the Court does not have personal jurisdiction over the District because Plaintiffs failed to properly serve the District.  Mot. at 7–10.

For the reasons given below, the Court finds that Arizona's notice statue applies in this case.

### A.   Whether a Notice Requirement Functions as Procedural or Substantive Law

First, the Court must determine whether notice requirements function as a procedural requirement or as substantive law. "[F]ederal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  A federal court applies state tort law, including any notice requirements mandated by that state's statutes. *See Ball v. City of Peoria*, No. CV-09-635, 2009 WL 2971102, at *2 (D. Ariz. Sept. 11, 2009), *aff'd*, 426 F. App'x 481 (9th Cir. 2011).  In California, "statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are more than procedural requirements.  They are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969) (citing *Redlands High Sch. Dist. v. Super. Ct.*, 125 P.2d 490 (Cal. 1942); *Illerbrun v. Conrad*, 31 Cal. Rptr. 27 (Ct. App. 1963)).  In other words, California treats notice requirement statutes for suits against public entities as substantive law, rather than procedural law.  Therefore, this Court will apply the notice requirements as state substantive law.

### B.   Whether California's or Arizona's Notice Law Controls

Because both California, where the alleged tort occurred, and Arizona, where Defendants reside, have their own notice statutes for tort actions, the Court must decide which state's statute controls. *See* Cal. Gov't Code § 911.2; Ariz. Rev. Stat. Ann. § 12-821.01.  "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  U.S. Const., Art. IV, § 1.  On matters that a State is competent to legislate, the Full Faith and Credit Clause does not require the State to apply another state's statutes. *Franchise Tax Bd. v. Hyatt*, 538 U.S. 488, 494 (2003).  For example, a State is competent to legislate on tort actions occurring within the State's borders. *See id.*; *see also Carroll v. Lanza*, 349 U.S. 408, 413 (1955) ("The State where

the tort occurs certainly has a concern in the problems following in the wake of the injury."). However, a California state court will apply another state's notice statute as long as it does not go against the public policy behind California's notice statute. *See Or. State Univ. v. Super. Ct.*, 225 Cal. Rptr. 3d 31, 37 (Ct. App. 2017). Therefore, the Court must examine whether the California and Arizona notice of claims statutes share the same public policy goals.

The purpose of section 911.2 of the California Government Code is to confine potential governmental liability to promote settlement prior to litigation, not to expand the rights of plaintiffs. *See Or. State Univ.*, 225 Cal. Rptr. 3d at 47; *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 888 (Cal. 2012). Likewise, the purpose of title 12, section 821 of the Arizona Revised Statutes is to "allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Martineau v. Maricopa Cnty.*, 86 P.3d 912, 915–16 (Ariz. Ct. App. 2004).

Given California's and Arizona's shared public policy goals, the Court finds that the Full Faith and Credit Clause requires the Court to apply Arizona's statute. *See Or. State Univ.*, 225 Cal. Rptr. 3d at 37. Although California is certainly competent to legislate torts that occur within its own borders, *see Hyatt*, 538 U.S. at 494, both California's and Arizona's statutes share a purpose of, at least, permitting and promoting settlement prior to litigation, *Or. State Univ.*, 225 Cal. Rptr. 3d at 37; *accord Martineau*, 86 P.3d at 915–16. California's and Arizona's public policies may not be completely orthogonal, but they clearly overlap.

Although Plaintiffs assert that California's strong public policy in favor of resolution of claims on their merits opposes the policy underlying Arizona's torts statutes, this argument misses the mark. *See* Opp'n at 8. The cases cited by Plaintiffs may show that courts applying California's statute prefer to allow plaintiffs leeway with curing deficient notice. *See generally id.* at 8–10 (citations omitted). However, at issue is the public policy guiding section 911.2 specifically, and section 911.2 does not have a purpose of expanding

the rights of plaintiffs. *See DiCampli-Mintz*, 289 P.3d at 888. Just because California's and Arizona's statutes do not use an identical method to accomplish their goals of promoting settlements does not mean that they do not share the same policy goals.[4] To rule that California's statute must control would render the Full Faith and Credit Clause toothless.

Finally, it is unclear why section 911.2 would apply to a public entity of the State of Arizona. Section 900.4 of the California Government Code defines a local public entity as "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in [California]."[5] Thus, by its own express terms, section 911.2 would not be applicable to a public entity outside California's borders.

Consequently, the Court finds that title 12, section 821 of the Arizona Revised Statutes applies in this case.

## II. Sufficiency of Plaintiffs' Notice

Since the Court finds that section 821 controls, the Court must next determine whether Plaintiffs sufficiently served notice under that statue. There is some debate between the Parties as to whether the documents filed on February 27, 2019, were a Notice of Claim or the suit itself. *See* Mot. at 2; Opp'n at 6. "Compliance with the notice provision of section 12–821.01(A) is a mandatory and essential prerequisite to such an action," and a plaintiff's failure to comply with the provision bars any claim. *Salerno v. Espinoza*, 115

---

[4] For example, although California courts do not require an explicit settlement offer to appear in a notice of claims, the purpose of the notice is, *inter alia*, to allow a local public entity to determine whether settling is preferable to expensive litigation. *See Ardon v. City of Los Angeles*, 255 P.3d 958, 962 (Cal. 2011). Arizona courts *do* require an explicit offer for settlement in any notice of claims, *see infra* Section II.C, but the fundamental purpose of Arizona's notice statute nonetheless is the same as California's, s*ee Humphrey v. State*, 466 P.3d 368, 374 (Ariz. Ct. App. 2020).

[5] Section 900.4 does not define "public employees" as a type of local public entity covered by section 911.2. However, section 950.2 of the California Government Code establishes that "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under [section 911.2]." *Golden Day Sch., Inc. v. Pirillo*, 118 F. Supp. 2d 1037, 1047 (C.D. Cal. 2000).

1  P.3d 626, 628 (Ariz. Ct. App. 2005) (internal quotations omitted).  Thus, the Court will
2  assume *arguendo* that the documents filed were indeed a Notice of Claim, because
3  otherwise Plaintiffs' claims will be absolutely barred, as they would have filed their suit
4  before providing the required notice.  *See id.*

5        To begin, a notice of claim that satisfies section 821.01(A) is a "necessary
6  prerequisite" to filing a lawsuit against a public entity or public employee in Arizona.  *See*
7  *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) (en banc).
8  A served notice must contain (1) a specific amount for which the claim can be settled;
9  (2) facts supporting that specific amount; and (3) explicit language that the plaintiff would
10 be willing to settle the claim if given the specific amount.  *See id.*; *Yollin v. City of*
11 *Glendale*, 191 P.3d 1040, 1044 (Ariz. Ct. App. 2008).

12       Here, the Court finds that Plaintiffs' notice included a specific amount that was
13 sufficiently factually supported but failed to include an explicit offer for settlement; thus,
14 the notice is legally defective.

15     *A.*    *Specific Amount*

16       First, the Court must determine whether Plaintiffs requested an amount specific
17 enough to satisfy the Arizona statute.  Section 821.01(A) states that the notice "shall also
18 contain a specific amount for which the claim can be settled . . . ."  This amount does not
19 require the claimant to make an offer that is set in stone for litigation, "but simply requires
20 that claimants identify the specific amount for which they will settle . . . ."  *Deer Valley*,
21 152 P.3d at 493.  Using qualifying terms, such as "or more" or "not less than," are strong
22 indicators that the amount is not specific enough to satisfy section 821.01(A).  *Id.* at 492–
23 93.  However, stating that future costs may be incurred does not render the notice indefinite,
24 as long as a specific amount is included.  *Yollin*, 191 P.3d at 1044.
25 ///
26 ///
27 ///
28 ///

Here, Plaintiffs' notice identified a specific amount, as mandated by section 821.01(A). Each Plaintiff filed a notice that included a "Dollar Amount of Claim."[6] Plaintiffs did not include any qualifying language that would make the claimed amount nonspecific. *See Deer Valley*, 152 P.3d at 492–93. Finally, Plaintiffs' use of "known to date" in referring to medical expenses does not render the amount nonspecific. *See Yollin*, 191 P.3d at 1044; *see, e.g.*, Batman Claim at 3. Thus, Plaintiffs provided a specific amount in their notice.

### B.   *Facts Supporting the Specific Amount*

Second, the Court must determine whether Plaintiffs supplied enough facts to establish the claimed amount. Beyond a specific dollar amount, a plaintiff must also supply facts supporting that amount, such that the government entity has "a factual foundation to permit the entity to evaluate the amount claimed." *Deer Valley*, 152 P.3d at 493 (citation omitted). The policy behind requiring both a specific amount and sufficient facts is so that a governmental entity can realistically evaluate the claim. *Id.* "This standard does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure." *Backus v. State*, 203 P.3d 499, 505 (Ariz. 2009). The determination and disclosure of which facts best support its claim is left to the claimant. *Id.* at 504.

Given the materials provided in their notice, Plaintiffs have supplied sufficient facts to support their claim. Plaintiffs have supplied their account of the accident, along with copious pages of medical bills, doctor assessments, and police reports, which is more than enough of a factual foundation to allow Defendants to realistically evaluate Plaintiffs' claimed amounts. *See Deer Valley*, 152 P.3d at 493; *see generally* Batman Claim at 5–73.

---

[6] Batman claimed $500,000, *see* Batman Claim at 2; Temores claimed $10,000, *see* Temores Claim at 2; and Henderson claimed $10,000, *see* Henderson Claim at 2.

In addition, Plaintiffs allege in their notice that their harms suffered include "wage loss[;] loss of use of property[;] hospital and medical expenses[;] general damage[; and] loss of earning capacity." Compl. at 25. Since a court should not scrutinize the sufficiency of Plaintiffs' factual disclosure, the Court concludes that the amounts claimed by Plaintiffs satisfies the statutory notice requirement. *See Backus*, 203 P.3d at 504–05.

Further, the cases cited by Defendants are not relevant to the facts of this case. Defendants cite two cases in which the courts held that the plaintiffs' notices were insufficient. Reply at 9 (citing *Bamonte v. City of Mesa*, No. CV 06-01860, 2007 WL 2022011 (D. Ariz., July 10, 2007); *Campos v. City of Glendale*, No. CV-06-610, 2007 WL 3287586 (D. Ariz., Nov. 5, 2007)). However, these cases are inapposite; those notices were held to be insufficient because they did not specify how a claimed sum amount was split between compensation, punitive damages, and attorneys' fees. *See Bamonte*, 2007 WL 2022011, at *6; *Campos*, 2007 WL 3287586, at *3. Here, all of Plaintiffs' claimed amounts are from the accident itself, including future medical expenses and other pecuniary losses, which by their very nature are uncertain. Plaintiffs should not be required to commandeer a time machine to obtain their future medical bills for a pre-suit notice. Defendants should keep in mind that the purpose of section 821.01(A) is to provide a proper *settlement* offer, and only requires facts sufficient to support the claimed amount in the *claimant's* view. *See Backus*, 203 P.3d at 504. Therefore, Plaintiffs supplied sufficient facts supporting their claimed amount.

### C. *Explicit Settlement Language*

Third, the Court must determine whether Plaintiffs included explicit settlement language in their notice. Section 821.01(A) requires that the notice explicitly state that the plaintiff would be willing to settle the claim if given the specified amount. *See Yollin,* 191 P.3d at 1047. If a plaintiff makes an offer, in the contractual sense, the plaintiff has complied with the statute. *Id.* A notice of claim that fails to set forth an offer to settle for a sum certain is "legally deficient." *Humphrey v. State*, 466 P.3d 368, 374 (Ariz. Ct. App. 2020).

Here, Plaintiffs have not provided an explicit offer of settlement. Nowhere in the notice do Plaintiffs explicitly offer that they are willing to settle for the specific amount; indeed, no mention of settlement of any kind appears in the pleadings before the Court. *See Yollin*, 191 P.3d at 1047; *see generally* Compl.; Batman Claim; Temores Claim; Henderson Claim. Therefore, Plaintiffs have not included the settlement language as required by section 821.01(A), and their notice is legally deficient. *See Humphrey*, 466 P.3d at 374.

As a result, although Plaintiffs' notice includes a specific amount supported by sufficient facts, Plaintiffs' notice is legally insufficient because the notice does not include an explicit offer to settle.

## CONCLUSION

Based on the foregoing, Defendants Motion to Dismiss (ECF No. 2) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 9, 2021

Hon. Janis L. Sammartino
United States District Judge