UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA BATMAN, MICHAEL HENDERSON, and JOSHUA TEMORES,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID PEREZ and YUMA UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-CV-2298 JLS (RBM)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OF DISMISSAL**<br><br>(ECF No. 27) |

Presently before the Court is Plaintiffs Susana Batman, Michael Henderson, and Joshua Temores's (collectively, "Plaintiffs") Motion for Relief from Judgment of Dismissal ("Mot.," ECF No. 27). Defendants David Perez and Yuma Union High School District (collectively, "Defendants") filed a Response to Plaintiffs' Motion for Relief from Dismissal ("Response," ECF No. 28), and Plaintiffs filed a Reply to Defendants' Response ("Reply," ECF No. 29). The Court vacated the hearing on the Motion and took it under submission pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 30. Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiffs' Motion for Relief from Judgment of Dismissal.

/ / /

# BACKGROUND

Plaintiff Susana Batman was driving on Imperial Avenue in El Centro, California, on September 5, 2019, when she was allegedly rear-ended by Defendant David Perez, who was driving a school bus as an employee of Defendant Yuma Union High School District ("Yuma Union"). Government Claim Form for Susana Batman ("Batman Claim," ECF No. 2-3) at 2–3.[1] Plaintiffs Michael Henderson and Joshua Temores were passengers in Batman's vehicle at the time of the alleged collision. *See id.* at 2; Government Claim Form for Michael Henderson ("Henderson Claim," ECF No. 2-4) at 2–3; Government Claim Form for Joshua Temores ("Temores Claim," ECF No. 2-5) at 2–3. Plaintiffs claim they suffered various injuries as a result of the collision. Batman Claim at 2; Henderson Claim at 2; Temores Claim at 2.

On February 27, 2020, Plaintiffs filed suit against Defendants in the Superior Court of Imperial County. Complaint (ECF No. 1-3) at 3. Defendants removed the case to this Court on the basis of diversity jurisdiction on November 25, 2020. *See generally* Notice of Removal (ECF No. 1). Shortly thereafter, Defendants filed a Motion to Dismiss for failure to state a claim, arguing that Plaintiffs had not complied with Arizona's notice statute, or, in the alternative, California's notice statute. ECF No. 2 at 2–7. On August 9, 2021, the Court granted Defendants' Motion to Dismiss, finding that Arizona law controlled, and that Plaintiffs had not complied with the strict requirements of Arizona's notice statute governing claims against a public entity or employees of a public entity. ECF No. 24 at 6–10. Specifically, the Court found that the notice of claim that Plaintiffs sent to Defendants did not include an explicit offer of settlement as required by the statute. *Id*. The Court therefore found that Plaintiffs' notice was "legally insufficient" and dismissed Plaintiffs' Complaint without prejudice. *Id*. at 10.

/ / /

---

[1] Pin citations throughout this Order refer to the CM/ECF page numbers electronically stamped at the top of each page.

Two months passed without an appearance from Plaintiffs. ECF No. 25 at 1 (the "Order" or "OSC"). On October 15, 2021, the Court *sua sponte* ordered Plaintiffs to show cause as to why the case should not be dismissed for failure to prosecute. *Id.* at 1–2. Plaintiffs were granted thirty days to respond to the Order and were warned that if they did not do so, the Court would dismiss the case with prejudice. *Id.* at 2. Plaintiffs failed to respond to the Order within thirty days, and on November 16, 2021, the Court dismissed Plaintiffs' Complaint with prejudice. *See generally* ECF No. 26.

Nearly seven months later, on June 13, 2022, Plaintiffs filed the instant Motion, seeking relief from the judgment of dismissal under Federal Rule of Civil Procedure 60(b). *See generally* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows courts to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The term excusable neglect in [Rule] 60(b)(1) 'covers cases of negligence, carelessness and inadvertent mistake.'" *Serrano v. United States*, No. CR-F-02-05319-LJO, 2011 WL 5873387, at *4 (E.D. Cal. Nov. 22, 2011) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)). "[I]n determining whether a judgment should be set aside under Rule 60(b)(1) based on asserted 'excusable neglect,' the district court should apply the test set forth in [*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)]." *Garden v. Cnty. of Los Angeles*, No. 20-56192, 2021 WL 5823711, at *2 (9th Cir. Dec. 8, 2021) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997)).

Under *Pioneer*, "[t]he determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Briones*, 116 F.3d at 382 (quoting *Pioneer*, 507 U.S. at 395). Such "relevant circumstances" include, but are not limited to, "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings,

[3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *see also Briones*, 116 F.3d at 381 (noting the "four enumerated factors" are "not an exclusive list"). Finally, a Rule 60(b)(1) motion "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## ANALYSIS

### I. The Parties' Arguments

Plaintiffs' Motion lays out a curious argument as to why their neglect was excusable. It provides no explanation as to why Plaintiffs failed to file an Amended Complaint or otherwise appear after the Court initially dismissed the case without prejudice. Nor does it explain why Plaintiffs failed to respond to the Court's Order to Show Cause. Instead, Plaintiffs focus on an allegedly deceitful statement by a Yuma Union claims adjuster, which, they claim, caused Plaintiffs' counsel to file the legally deficient notice that resulted in the Court granting the Defendants' Motion to Dismiss. *See generally* Mot.

Some context is required before getting to the heart of Plaintiffs' argument. Arizona law requires a plaintiff to strictly comply with certain notice requirements before filing suit against a public entity or its employees, such as Defendants. Relevant here, Ariz. Rev. Stat. Ann. § 12-821.01 requires a plaintiff to file a notice of claim with the public entity prior to filing a complaint. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) (en banc). The notice of claim must be filed within 180 days of the date the cause of action accrues and must include, among other things, "a specific amount for which the claim can be settled and the facts supporting that amount." Ariz. Rev. Stat. Ann. § 12-821.01(A). "Claims that do not comply with [Ariz. Rev. Stat. Ann. § 12-821.01] are statutorily barred." *Deer Valley Unified Sch. Dist. No. 97*, 152 P.3d at 492. Notably, there is no requirement that the notice be provided via a particular form.

On February 13, 2020, with the 180-day deadline fast approaching, Plaintiffs' counsel, through a paralegal, emailed a Yuma Union claims adjuster and asked for a "claim

form." *See* Mot. at 3–4.  In response, the claims adjuster said "[t]here [wasn't] a claim form available." *Id*. at 3.  Plaintiffs' counsel then searched the internet for a different claim form, found one from California, "altered it to name [Yuma Union]," and filed it with Yuma Union's Superintendent's administrative assistant on February 27, 2020, which was the same day that Plaintiffs' filed their complaint in the Superior Court of Imperial County. *See id.* at 3–4; ECF No. 1-3 at 3.  The California form, however, did not contain an explicit offer of settlement as required by Arizona law; it merely provided a blank space next to the words "Dollar Amount of Claim."  *See* Mot. at 3.  As such, this Court found that the notice of claim was legally deficient and dismissed Plaintiffs' Complaint.  ECF No. 24 at 6–10.

At some point during the ten months between the dismissal of Plaintiffs' Complaint and the filing of the instant Motion, Plaintiffs found a notice of claim form on Yuma County's website that, if filled out properly, complies with the requirements of Arizona's notice statute.  Mot. at 3, 6.  According to Plaintiffs, this discovery reveals that Defendants, acting through the claims adjuster, "lied and said there was no form when the Yuma Form did exist."  Reply at 2.  In Plaintiffs' view, "it was excusable neglect to rely on the claims adjuster . . . in believing that there was no claim form . . . and not continue to search for the claim form."  Mot. at 6.  Moreover, Plaintiffs contend it was excusable neglect to believe that providing a "Dollar Amount of Claim" on the California form would satisfy the requirements of Arizona's notice statute.  *Id*.  For these reasons, Plaintiffs request the Court set aside the judgment of dismissal.  *Id*.

Defendants contend that "Plaintiffs' Motion ignores the operative issue in this case—the dismissal for their failure to show cause—and instead attacks the Court's decision on Defendants' Motion to Dismiss."  Response at 3.  "Courts have routinely held that a failure to comply with a trial court's order does not amount to excusable neglect," according to Defendants.  *Id*. (citing *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005)).  Defendants also assert that litigants cannot "use a Rule 60 motion to attack an order that does not affect the final outcome of a case."  *Id*. at 5 (citing *Garcia v. United States*, No. 20-55670, 2021 WL 3202164, at *2 (9th Cir. July 28, 2021)).  Even if Plaintiffs

could move for relief, they have provided no evidence of excusable neglect, in Defendants' view. There is no requirement that a notice of claim be submitted on a particular form; the fact that *Yuma County's* website provided a claim form does not necessarily mean the *Yuma Union* claims adjuster misled them; and listing the dollar amount of the claim does not comply with the plain text of Arizona's notice statute, Defendants argue. *Id*. at 6. Moreover, finding excusable neglect here "would require a judicial expansion of the state's waiver of sovereign immunity." *Id*. at 7. Finally, Defendants contend that Plaintiffs' Rule 60(b)(1) motion was not made within a reasonable time. *Id*. at 8.

## II.   Discussion

The Court finds that application of the *Pioneer* factors is warranted here. While Plaintiffs indicate that the failure to respond to the Court's orders was calculated, and therefore not the result of neglect, *see* Reply at 2 ("Plaintiffs were unable to amend the complaint based on information known at [the time of dismissal]."), Plaintiffs' counsel's rationale behind that decision arguably demonstrates the type of "negligence, carelessness [or] inadvertent mistake" that could plausibly fall under the definition of "excusable neglect." *Serrano*, 2011 WL 5873387, at *4; *see also Garden*, 2021 WL 5823711, at *2 (9th Cir. Dec. 8, 2021) (finding *Pioneer* factors applicable where plaintiff's counsel failed to timely respond to summary judgment motion due to mistaken belief that he had more time to revise hearing schedule). Moreover, the Ninth Circuit has held that where "excusable neglect" is asserted in a Rule 60(b) motion, the district court should analyze the *Pioneer* factors and any other "relevant circumstances." *See Garden*, 2021 WL 5823711, at *2; *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) ("To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply [the *Pioneer*] four-factor equitable test."); *Briones*, 116 F.3d at 382 (concluding courts must consider "all relevant circumstances surrounding the party's omission" when assessing a Rule 60(b) motion). Here, Plaintiffs assert excusable neglect. Consequently, the Court will analyze the four *Pioneer* factors and other relevant circumstances, then balance them to determine whether relief is justified here.

### A.     Prejudice to Defendants

"To be prejudicial, the setting aside of a judgment or order 'must result in greater harm than simply delaying resolution of the case.'" *Zamora v. Wells Fargo Bank, N.A.*, No. 13-CV-00134-MEJ, 2014 WL 2093763, at *3 (N.D. Cal. May 19, 2014) (citing *CEP Emery Tech Invs. LLC v. JP Morgan Chase Bank, N.A.*, No. C 09-4409 SBA, 2011 WL 1226028, at *3 (N.D. Cal. Apr. 1, 2011)). "Rather, 'to be considered prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" *Id.* (quoting *CEP Emery Tech Invs. LLC*, 2011 WL 1226028, at *3). While courts in the Ninth Circuit have recognized that reopening an action against a defendant can constitute prejudice, this type of prejudice is usually afforded minimal or no weight. *See e.g.*, *Bateman*, 231 F.3d at 1223–24 (finding minimal prejudice resulting from loss of a "quick victory"); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1257, 1261 (9th Cir. 2010) (finding no prejudice from the loss of a "quick but unmerited victory" based on a plaintiff's week-long delay in filing an opposition to the defendants' motion for summary judgment); *Kilaita v. Wells Fargo Home Mortg.*, No. 5:11-CV-00079 EJD, 2012 WL 3309661, at *2 (N.D. Cal. Aug. 13, 2012) ("[T]his type of prejudice, while important, is not necessarily a weighty consideration in the balance of factors."); *but see Habeeb v. Wash. Mut. Bank, FA*, No. SACV1000898CJCRNBX, 2011 WL 13268016, at *1 (C.D. Cal. Oct. 26, 2011) (finding the danger of prejudice to defendants to be "significant" where the plaintiff's claims had been dismissed).

Here, the Court finds that there would be prejudice to Defendants if Plaintiffs' Motion were granted. First, the Court affords minimal weight to the prejudice Defendants will suffer in the form of costs and expenses associated with continuing litigation. "[L]itigation costs are merely an inherent characteristic to any lawsuit, and Defendants would have incurred these expenses if Plaintiffs had timely amended the [C]omplaint." *Kilaita*, 2012 WL 3309661, at *2.

The second, and more weighty consideration, is that "Plaintiffs have not identified how they intend to amend the [C]omplaint so as to satisfy the shortcomings discussed in

the order granting Defendants' [M]otion to [D]ismiss." *Kilaita*, 2012 WL 3309661, at *2. Plaintiffs claim they have "several defenses to not complying with the Arizona Notice Statute," including "waiver, estoppel and equitable tolling." Mot. at 6–7. These defenses, however, all appear to hinge on the allegedly deceitful statement by the Yuma Union claims adjuster regarding the requested claim form. Without citing any authority, Plaintiffs claim that, "when asked about a form, the Defendants are required to provide that form, not lie about its existence leaving Plaintiff to navigate the statute from scratch." Reply at 3. The Court finds this argument unpersuasive. First, there simply is no requirement that notice of a claim be provided to a public entity or a public entity's employee on a specific form. *See* Ariz. Rev. Stat. Ann. § 12-821.01. Second, the existence of the *Yuma County* notice of claim form does not necessarily imply that the *Yuma Union* claims adjuster misled Plaintiffs by stating "[t]here [wasn't] a claim form available." Mot. at 3. Yuma Union is an entity "separate and distinct" from Yuma County, *see Amphitheater Unified Sch. Dist. No. 10 v. Harte*, 128 Ariz. 233, 234, 624 P.2d 1281, 1282 (1981), and Plaintiffs provide no evidence that Yuma Union has a notice of claim form. Ultimately, the Yuma Union claims adjuster's statement has no bearing on Plaintiffs' failure to comply with Arizona's notice statute. Plaintiffs' planned defenses, therefore, could not possibly alter the outcome of the case if Plaintiffs' Motion were granted. *See United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) ("A district court may deny relief under Rule 60(b)(1) when the moving party has failed to show that she has a 'meritorious defense.'").

Moreover, it is now clear to the Court that Plaintiffs failed to comply with Ariz. Rev. Stat. Ann. § 12-821.01's requirement that notice be filed with a public entity before the complaint is filed. *See Riley v. City of Buckeye*, No. 1 CA-CV 17-0306, 2018 WL 2440249, at *2 (Ariz. Ct. App. May 31, 2018) ("Before filing a claim against a public entity or public employee, a claimant must serve a Notice of Claim."); *James v. City of Peoria*, 513 P.3d 277, 280 (2022) ("Once the claimant [validly files notice with the public entity], the public entity has sixty days to consider and respond to the notice of claim pursuant to § 12-821.01(E)."). Plaintiffs admit in their Motion that they submitted the deficient notice of

1  claim on February 27, 2020, which was the same day they filed their Complaint in the
2  Superior Court of Imperial County. *See* Mot. at 3–4; ECF No. 1-3 at 3. Defendants thus
3  had no opportunity to consider and respond to the notice of claim. In its Order granting
4  Defendants' Motion to Dismiss, the Court assumed *arguendo* that Plaintiffs had filed the
5  notice before the Complaint in a manner compliant with Ariz. Rev. Stat. Ann. § 12-821.01.
6  ECF No. 24 at 6–7. Such an assumption is no longer tenable. Even if the Court were to
7  give credence to Plaintiffs' "claim form" argument, the procedurally improper manner in
8  which Plaintiffs filed their Complaint would be fatal to their claims.

9  Plaintiffs were obligated to comply with the strict, but clear, requirements of Ariz.
10 Rev. Stat. Ann. § 12-821.01(A), and they did not do so. Forcing Defendants to relitigate
11 this issue when there can be only one outcome would be highly prejudicial in terms of time
12 and resources wasted. "The court is not inclined to allow pointless litigation which does
13 nothing more than result in unnecessary expenses to Defendants." *Kilaita*, 2012 WL
14 3309661, at *2.

15 Finally, Defendants claim that granting Plaintiffs relief would also prejudice
16 Defendants because doing so would, in effect, expand Arizona's waiver of sovereign
17 immunity. Response at 5–6. Defendants do not adequately explain how granting relief
18 from the judgment would expand Arizona's waiver of sovereign immunity. In *Swenson v.*
19 *County of Pinal*, the court explicitly described the notice requirements of Ariz. Rev. Ann.
20 Stat. § 12-821.01(A) as procedural in nature and distinct from a "substantive right to
21 sovereign immunity." 402 P.3d 1007, 1011 (Ct. App. 2017). It is unclear, therefore, how
22 Arizona's waiver of sovereign immunity could be affected by this case or the instant
23 Motion, both of which are centered on the procedural requirements of Ariz. Rev. Stat. Ann.
24 § 12-821.01(A). Granting relief from the Court's judgment would not alter Arizona's
25 notice requirements under Ariz. Rev. Stat. Ann. § 12-821.01(A), nor would it prevent
26 Defendants from raising defenses based on those requirements.
27 / / /
28 / / /

In sum, the first factor of the *Pioneer* analysis weighs in favor of denying Plaintiffs' Motion because Plaintiffs' planned defenses are without merit; thus, granting the Motion would result in wasteful litigation.

### B.     Length of Delay

"A Rule 60(b)(1) motion to vacate a judgment due to excusable neglect should be filed within a 'reasonable time,' and in no case may be filed more than a year after the judgment or order was entered." *Zamora*, 2014 WL 2093763, at *3 (quoting Fed. R. Civ. P. 60(c)); *see also Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (analyzing the second *Pioneer* factor in the context of Federal Rule of Civil Procedure 60(c)); *Schertzer v. Bank of Am., N.A.*, No. 19CV264 JM(MSB), 2021 WL 5849822, at *2 (S.D. Cal. Dec. 9, 2021) (same). "Whether a motion is brought within a reasonable time 'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Id*. (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Here, the Court finds that under the circumstances of this case, Plaintiffs' length of delay in moving for relief from the Court's judgment is unreasonable. In their Reply, Plaintiffs argue that they could not have amended the complaint, and impliedly could not have moved for relief, without the discovery of the Yuma County notice of claim form. Reply at 1. This justification for the seven-month delay amounts to no justification at all, however, in light of the fact that the Arizona notice statute does not require the use of a specific form to provide notice of a claim to a public entity or public employee. *Supra* p. 8. While the Court recognizes that amending the Complaint to overcome the fatal notice deficiencies was no small task, there were apparently no obstacles preventing Plaintiff from making the attempt, seeking reconsideration of the decision, or, at the very least, requesting a continuance of the deadline given by the Court. Instead, Plaintiffs waited until the case was dismissed with prejudice, plus an additional seven months, before making an appearance in this case, armed only with an allegedly misleading statement by a Yuma

Union claims adjuster regarding an unnecessary, and therefore irrelevant, form. Plaintiffs' showing is too little, too late. Without any reasonable explanation, the Court is led to the conclusion that Plaintiffs' seven-month delay in moving for relief from judgment was unreasonable. *See Zamora, N.A.*, 2014 WL 2093763, at *3 (finding unexplained delay of more than four months before filing Rule 60(b) motion was unreasonable); *see also Regan v. Frank*, No. CIV.06-00066 JMS/LEK, 2008 WL 508067, at *1 (D. Haw. Feb. 26, 2008) (denial of plaintiff's Rule 60(b)(1) and (6) motion as untimely justified where plaintiff waited over four months to file it, and "provided no reasonable justification for his continued delay"), *aff'd sub nom. Regan v. Haw. Dep't of Pub. Safety*, 334 F. App'x 848 (9th Cir. 2009).

Consequently, this factor in the *Pioneer* analysis also weighs in favor of denying Plaintiffs' Motion.

### C. Reason for Delay

The third factor in the *Pioneer* analysis is "the reason for the delay, including whether it was within the reasonable control of the movant." Plaintiffs claim it was excusable neglect to rely on the statement from the Yuma Union claims adjuster regarding the nonexistence of the notice of claim form, and that, until the Yuma County form was discovered, there was no available defense to the Motion to Dismiss. *See* Reply at 1. The Court is unpersuaded by this argument.

First, it ignores the fact that the case was ultimately dismissed with prejudice for failure to respond to the Order to Show Cause. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("A late filing will ordinarily not be excused by negligence."). Even if the Yuma County notice of claim form's existence were relevant to Plaintiffs' failure to respond, Plaintiffs' discovery of the form provides no justification for the delay. As Plaintiffs note, the Yuma County form has been in existence "[s]ince at least 2016." Mot. at 3. Therefore, with due diligence, Plaintiffs could have discovered the form at the start of this litigation, or shortly after the Court granted Defendants' Motion to Dismiss;
///

thus, the purported reason for Plaintiffs' delay was "within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395.

Second, even if the Court accepts Plaintiffs' claim of deceit by the Yuma Union claims adjuster, it does not explain or excuse Plaintiffs' counsel's failure to familiarize himself with Arizona law. "The Ninth Circuit has repeatedly held that failure to read and follow an applicable rule, or ignorance of the law, does not constitute excusable neglect." *Fahmy v. Hogge*, No. CV 08-1152 PSG (SHX), 2009 WL 33418, at *2 (C.D. Cal. Jan. 2, 2009) (citing *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir. 1992); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994)); *see also Cal. Advocs. for Nursing Home Reform, Inc. v. Chapman*, No. 12-CV-06408-JST, 2014 WL 2450949, at *2 (N.D. Cal. June 2, 2014) ("Ignorance of the law does not constitute mistake, inadvertence, surprise, or excusable neglect. Rule 60(b) is not to be used to remedy [n]eglect or lack of diligence.") (internal quotations and citation omitted); *Ha v. McGuiness*, No. C 07-3777-SBA, 2009 WL 462803, at *1 (N.D. Cal. Feb. 23, 2009) ("[E]xcusable neglect requires some justification for error beyond mere carelessness or ignorance of the law on the part of the litigant."); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2858 at 170 (1973) ("Ignorance of the rules is not enough [for relief under Rule 60(b)], nor is ignorance of the law.").

Based on the email to the Yuma Union claims adjuster, Plaintiffs' counsel was aware that some type of notice to Defendants was required. An appropriate response to the Yuma Union claims adjuster's statement, therefore, would have been to consult Arizona's notice statute and comply with its explicit requirements. Instead, Plaintiffs' counsel decided to scour the internet for a notice of claim form he did not need. Mot. at 2. When he found a California notice of claim form, he apparently assumed it was sufficient to meet Arizona's notice requirements without bothering to confirm that his assumptions were correct. *See id.*

/ / /

/ / /

Finally, Plaintiffs' counsel also claims that it was "excusable neglect [to] believe that 'Dollar Amount of Claim' would satisfy the Arizona Statute." Mot. at 6. This argument similarly fails because it amounts to ignorance of the law, which generally provides no basis for relief under Rule 60(b). *See supra* p. 11. Moreover, it provides no explanation as to why Plaintiffs did not move for relief at a sooner date. Rather, this is an argument aimed at the reasoning behind the Court's Order granting dismissal, which Plaintiffs' counsel could have incorporated into a timely filed amended complaint.

For these reasons, the third *Pioneer* factor, too, weighs in favor of denying Plaintiffs' Motion.

### D. Good Faith

"[T]here is no evidence that [Plaintiffs' counsel] acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Therefore, the Court finds the fourth *Pioneer* factor weighs in favor of granting Plaintiffs' Motion.

### E. Other Relevant Circumstances

Finally, in assessing a Rule 60(b) motion, the Court must consider "all relevant circumstances surrounding the party's omission.'" *Briones*, 116 F.3d at 382. In addition to the circumstances described above, the Court finds two other considerations worth discussing.

First, the Court acknowledges that Plaintiffs will face prejudice if the Motion is denied. *Cf. Lemoge*, 587 F.3d at 1195 (finding prejudice to Rule 60(b) movants relevant where the claims were dismissed for improper service, the movants could not refile their action because the statute of limitations had run, and there was only slight prejudice to the opposing party if relief is granted). Claims against public entities and employees have a one-year statute of limitations in Arizona, *see* Ariz. Rev. Stat. Ann. § 12-821, and if Plaintiffs are unable to revive the present case, it is unclear whether they will be able to pursue damages for their injuries. Unfortunately, as discussed above, granting Plaintiffs'

instant Motion ultimately would provide only superficial relief. *See supra* pp. 8–10. Plaintiffs have not made clear how they could amend the Complaint to satisfy the procedural shortcomings identified by the Court: namely, the notice's lack of an offer of settlement and the procedurally improper filing of the Complaint. *Supra* pp. 8–10. The Court has debunked Plaintiffs' contention that the existence of the Yuma County claim form offers them new defenses, and Plaintiffs provide no alternative arguments that would excuse or overcome such procedural shortcomings. *See supra* pp. 8–9. Granting relief here would thus be futile. Consequently, any prejudice suffered by Plaintiffs should be afforded minimal weight.

Second, the Court finds relevant the fact that "Defendant[s] [have] defended this case for over [two years] now and . . . there is no indication that the litigation will proceed at a normal pace" even if relief is granted, *Nix v. Saul*, No. 2:20-CV-03860-SHK, 2021 WL 4352812, at *6 (C.D. Cal. June 1, 2021), as Plaintiffs have demonstrated a pattern of tardiness over the course of the case. Plaintiffs failed to respond to Defendants' Motion to Dismiss in a timely manner due to an alleged issue with Plaintiffs' counsel's email notifications. *See* ECF No. 21. Then, once the Court granted Defendants' Motion to Dismiss, Plaintiffs failed to file an amended complaint or otherwise appear in the case. *See supra* 2–3. Next, Plaintiffs ignored the Court's Order to show cause as to why the case should not be dismissed for failure to prosecute, despite a warning that failure to do so would result in dismissal with prejudice. *Id.* at 3. Finally, some seven months after the case was dismissed, Plaintiffs filed the instant Motion. *Id.* Based on this pattern, "the Court finds that the danger of prejudice to Defendant[s] . . . will continue if Plaintiff[s'] Motion is granted." *Nix*, 2021 WL 4352812, at *7. Accordingly, this consideration weighs in favor of denying Plaintiffs' Motion.

### III.  Balancing of the *Pioneer* Factors

"The Ninth Circuit has made clear, on several occasions, that no one factor is more important than the other, and that the weighing of the equitable [*Pioneer*] factors must be left to the discretion of the district court." *St. John v. Kootenai Cnty., Idaho*, No. 2:21-CV-

00085-BLW, 2022 WL 1748267, at *5 (D. Idaho May 31, 2022). Here, the prejudice to Defendants, the length of delay, the reason for delay, and Plaintiffs' pattern of late filings all weigh in favor of denying the Motion. On the other hand, the lack of bad faith and the prejudice to Plaintiffs weigh in favor of granting the Motion. Taking all these factors into consideration and affording them appropriate weight, the Court concludes that relief from judgment is not warranted.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion for Relief from Judgment of Dismissal (ECF No. 27).

**IT IS SO ORDERED.**

Dated: November 28, 2022

Hon. Janis L. Sammartino
United States District Judge